UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA

                                              **Hon. Hugh B. Scott**

               v.                                        09CR19A

                                                **Decision & Order**

Ryan Warme,
                Defendants.

The defendant has made an oral motion seeking the identity of the person identified as "Victim 1" in the Indictment issued on January 22, 2009. (Docket No. 6).

The 10-count Indictment charges the defendant, Ryan Warme, with violating 18 U.S.C. § 242: by forcing Victim 1 to have sexual intercourse with him while he was on duty as a police officer (Count One), by touching the breasts, buttocks and genital region of Victim 2 without her consent and while he was on duty as a police officer (Count Two), by forcing Victim 3 to perform an act of oral sex upon him while he was on duty as a police officer (Count Three). The Indictment further charges Warme of using a firearm in furtherance of a crime of violence, and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c) (Counts Four and Seven). The Indictment charges that Warme, while on duty, forced a women who was then working as a prostitute (Victim 4) to perform sexual favors on him in violation of 18 U.S.C. §1951 (Count Five). Warme is also charged with conspiracy to distribute cocaine in violation of 21 U.S.C. §846 (Count Six). The defendant is charged with possessing a firearm with an obliterated or altered serial number in violation of 18 U.S.C. §§922(k) and 924(a)(1)(B) (Count Eight). The Indictment also charges the defendant with misprison of a felony in that he had

knowledge of the possession of a firearm by a convicted felon in violation of 18 U.S.C. §4. Finally, Warme is also charged with conspiracy to distribute crack cocaine (Count Ten).

The defendant asserts that he knows the identity of Victim 2, Victim 3 and Victim 4 referred to in the Indictment.  He states that he does not know of the identity of the person identified as Victim 1 in the Indictment.[1]  The defendant argues that the identity of Victim 1 must be disclosed to allow him to adequately defend against the charges as relating to that victim. (Docket No. 4).

Both parties cite to United States v. Cannone, 528 F.2d. 296 (2d. Cir. 1976).  In Cannone, the Second Circuit held that the district Courts have authority to compel pretrial disclosure of identity of government witnesses.  However, in the context of pretrial disclosure, a motion for disclosure of the identity of government witnesses should only be considered 'upon a showing of materiality to the preparation of (the defendant's) defense and that the request is reasonable,' (Fed.R. Crim.P. 16(b)) and, second, that the government should be able to oppose such disclosure by moving for a protective order similar to that provided for under Rule 16(e). Cannone, 528 F.2d. at 301 citing United States v. Richter, 488 F.2d 170, 173-74 (9th Cir. 1973). In United States v. Rueb, 2001 WL 96177 (S.D.N.Y.), the Court identified several factors to consider when determining whether to order pretrial disclosure of the identity of witnesses: (1) Did the offense alleged in the indictment involve a crime of violence?; (2) Have the defendants been arrested or convicted for crimes involving violence?; (3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)?; (4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase

---

[1] See February 2, 2009 Letter from Defense Counsel limiting the request for disclosure to the identity of Victim 1. (Docket No. 8).

the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial?; (5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult?; (6) Do the defendants have limited funds with which to investigate and prepare their defense?  Rueb, 2001 WL 96177 at *7-8 citing Cannone and United States v. Turkish, 458 F.Supp. 874 (S.D.N.Y. 1978).

In the instant case, the defendant has been charged with a violent crime. The evidence in the case as it relates to Victim 1 does not appear to rely upon documents. As to the fifth criteria in Rueb, the Court finds that it is not insignificant that the person whose identity is sought is a victim, not just a government witness, *and*  that the nature of the alleged crime relates specifically to the individual victim whose identity is in question. The defendant is charged with raping Victim 1[2] "sometime in and around October of 2006." The criminal complaint previously filed in this case states that the defendant and Victim 1 had met and exchanged phone numbers perhaps as long as 10 months prior to the alleged rape.  While the Court recognizes the sensitive nature of the charges and the difficulties facing rape victims, the defendant's ability to adequately prepare a defense against this charge is significantly compromised without being advised of the identity of the alleged victim.  The Court comes to this conclusion based upon the facts of this case, particularly in light of the fact that the Indictment does not state the exact dates of the rape or the prior encounters between the defendant and Victim 1.  The Court is also mindful of the fact that the defendant is charged with threatening two of the victims in this case with bodily harm if they were to go to the authorities (Count One and Count Three).  However, because the

---

[2]   The Indictment states that the identity of Victim 1 "is known to the Grand Jury." Indictment at Count One, ¶ 3.

defendant has been detained pending the trial in this matter, the risk of any pretrial intimidation against Victim 1 on the part of the defendant is significantly reduced.  The government has not articulated a basis to conclude that should the identity of Victim 1 be disclosed to the defendant, that Victim 1 would be subject to any serious risk.  The Court notes that the government has confirmed the identities of Victim 2, Victim 3 and Victim 4 to the defendant.  While it is natural that Victim 1 would prefer that her identity not be disclosed to the defendant, the government has not demonstrated that identifying the victim to the defendant will increase the likelihood that Victim 1 will refuse to appear or testify at trial. The identity of Victim 1 would, eventually, have to be disclosed to the defendant.  Absent knowing the identity of Victim 1, the defendant is precluded from investigating the facts surrounding the crime charged.  Inasmuch as the government has not demonstrated that disclosing the identity to the defendant would subject the victim to a significant risk, or to increase the likelihood that victim will refuse to appear or testify, the interest of the defendant in being able to prepare a defense outweighs the government's interest in keeping the name of Victim 1 undisclosed.

       The government is directed to disclose the identity of Victim 1 to the defendant within 10 days of the date of this Order.  Counsel for the defendant has represented that the identity of the victim will be kept confidential; and that the identity of the victim will not be released to the public.  The defendant is directed to keep the identity of the victim confidential.

       So Ordered.


                                                    _/s/ Hugh B. Scott_
                                                    United States Magistrate Judge
                                                    Western District of New York

Buffalo, New York
February 20, 2009