**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**THE UNITED STATES OF AMERICA**

v.

**Ryan Warme,**

      **Defendants.**

Hon. Hugh B. Scott

09CR19A

Decision
&
Order

  Before the Court are the defendant's motions seeking various pretrial relief (Docket Nos. 10 and 13). Among other things, the defendant seeks separate trials with respect to certain counts in the indictment, as well as dismissal of counts one, six and eight of the indictment.[1]

**Background**

  The Second Superseding Indictment[2] charges the defendant, Ryan Warme ("Warme"), with wire fraud - deprivation of honest services in violation of 18 U.S.C. §§ 1343 and 1346 (Count One); deprivation of civil rights (allegedly forcing Victim 1 to have sexual intercourse

---

[1] The various dispositive issues are addressed in a separate Report & Recommendation.

[2] The defendant was initially indicted on January 22, 2009 (Docket No. 6). A First Superceding Indictment was issued on March 23, 2009 (Docket No. 11). The instant Second Superceding Indictment was issued on August 6, 2009 (Docket No. 17) apparently to correct a typographical error relating to dates included in Counts Seven and Eight. The substance of the First Superceding Indictment and the Second Superseding Indictment appear to be the same. Thus, with the exception of one issue relating to the defendant's motion to dismiss Count Eight, the instant motion is not mooted by the filing of the Second Superseding Indictment.

1

with him while he was on duty as a police officer) in violation of 18 U.S.C. §242 (Count Two); deprivation of civil rights (allegedly fondling Victim 2's breasts, buttocks and genital area without her consent while he was on duty as a police officer) in violation of 18 U.S.C. §242 (Count Three); deprivation of civil rights (allegedly forcing Victim 3 to perform an act of oral sex upon him while he was on duty as a police officer) in violation of 18 U.S.C. §242 (Count Four); using, carrying and possessing a firearm during a crime of violence (in connection with the alleged violation of Victim 3's civil rights) in violation of 18 U.S.C. § 924(c) (Count Five); extortion under the color of official right (allegedly obtained services – sexual favors– of a prostitute [Victim 4] while on duty as a police officer) in violation of 18 U.S.C. §1951 (Count Six); conspiracy to distribute cocaine in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (Count Seven); using, carrying and possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count Eight); possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§922(k) and 924(a)(1)(B) (Count Nine); misprision of a felony (possession of a firearm by a convicted felon, and possession of a firearm with an obliterated serial number by a convicted felon) in violation of 18 U.S.C. §4 (Count Ten); and conspiracy to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 844(a) (Count Eleven).

## Discovery

The defendant has set forth a variety of items sought by way of pretrial discovery in this matter. During oral argument, the government provided or agreed to provide certain outstanding discovery. To the extent the government becomes aware of additional material that should have

been produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, such information must be disclosed.

**Brady and Jencks Material**

The defendant also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

Neither the Supreme Court, nor the Second Circuit[3], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of

---

[3] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

3

such disclosure.  U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process

requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 403 and 404**

The defendant requests disclosure of all evidence of prior bad acts or other prejudicial evidence that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

5

## Bill of Particulars

Warme seeks a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a bill of particulars. Bills of particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

Among other things, the defendant seeks more particularized information relating to the date and time of the rape alleged in Count Two of the Second Superceding Indictment. To the extent the government is aware of such information, it is directed to provide it to the defendant. Otherwise, upon review of the indictment, and upon the discovery and information already provided or promised in this case, the defendant has not demonstrated that further particularization is required to protect him from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

## Expert Witness Disclosure

The defendant also seeks disclosure relating to any expert witness to be used by the government at trial. The government is directed to provided the defendant with this material.

**Motion to Sever Counts**

The defendant seeks to separate the trial of the alleged sex crimes from the trial for the alleged drug and gun crimes. Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See <u>United States v. Hennings</u>, 1997 WL 714250 (W.D.N.Y. 1997); <u>United States v. Vona</u>, 842 F.Supp. 1534 (W.D.N.Y. 1994).

**Conclusion**

For the reasons stated above, the omnibus motion is GRANTED IN PART AND DENIED IN PART consistent with the above.

So Ordered.

                                                              /s/ Hugh B. Scott
                                                            United States Magistrate Judge
                                                            Western District of New York

Buffalo, New York
August 26, 2009